```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CG & JS ENTERPRISES, LLC, ET              CIVIL ACTION
AL.

VERSUS                                    NO: 14-1322

H&R BLOCK, INC., ET AL.                   SECTION: "A" (1)
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 17)** filed by defendant H&R Block, Inc. Plaintiffs CG & JS Enterprises, LLC, Christopher Gibbens, and Johnny Shaw oppose the motion. The motion, scheduled for submission on October 22, 2014, is before the Court on the briefs without oral argument.

Plaintiffs filed this action against H&R Block, Inc. for damages arising out of the aborted purchase of an H&R Block franchise located in Metairie, Louisiana. The franchise was owned by David and Patricia Sewell. (Rec. Doc. 1-1, Petition ¶ 7). Plaintiffs contend that after lengthy negotiations with the Sewells, the parties reached a purchase agreement, subject to H&R Block's right of first refusal. (*Id.* ¶ 9). According to Plaintiffs, H&R Block initially approved the sale but then later reneged. (*Id.* ¶¶ 12-13). Plaintiffs allege that H&R Block did not balk at the sale until after Plaintiffs had already executed the

1

sale with the Sewells and H&R Block's right of first refusal had already expired. (*Id.* at ¶¶ 14-17). Plaintiffs claim that an enforceable contract was reached and that Block's withdrawal from the deal constituted a breach of that contract. (Rec. Doc. 1-1, Petition ¶ 18). Alternatively, Plaintiffs claim that Block's withdrawal constituted a tortious interference with the contract between Plaintiffs and the Sewells. (*Id.* ¶ 21).

    H&R Block, Inc. removed the suit to this Court based on diversity jurisdiction. Plaintiffs are citizens of Louisiana and H&R Block, Inc. is a citizen of Missouri. (Rec. Doc. 1, Notice of Removal ¶¶ 12-13).

    On August 26, 2014, Plaintiffs filed their Supplemental and Amended Complaint (Rec. Doc. 16), which joined H&R Block Tax Services, LLC as a defendant. According to Block, the amendment followed discussions between counsel wherein counsel for Block urged counsel for Plaintiffs to voluntarily dismiss the H&R Block, Inc. entity because the correct defendant-entity is H&R Block Tax Services, LLC. (Rec. Doc. 17-3, Memo in Support at 2).

    H&R Block, Inc. (hereinafter "Block") now moves for dismissal contending that it has no connection to either Louisiana or to the transaction that forms the basis of this action, so as to constitute "minimum contacts" for purposes of

personal jurisdiction.[1]

Minimum contacts with a forum state may arise incident to a federal court's "general" or "specific" jurisdiction over a nonresident defendant. *Guidry*, 188 F.3d at 624 (citing *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)). Specific personal jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities."[2] *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In other words, specific jurisdiction requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, SA*, 466 U.S. 408, 414 n.8 (1984)).

When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing or

---

[1] Block moves for dismissal *with* prejudice but a Rule 12(b)(2) motion does not constitute an adjudication *on the merits* with preclusive effect as to any issue except the jurisdictional one. *See Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 777 (N.D. Tex. 2008). Thus, a dismissal for lack of personal jurisdiction is effected without prejudice to the plaintiff's right to refile the suit in a forum that can properly exercise jurisdiction. *Saudi v. S/T MARINE ATLANTIC*, 159 F. Supp. 2d 505, 509 (S.D. Tex. 2000) (citing *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 (5th Cir. 1999)).

[2] It is clear from Plaintiffs' memorandum in opposition that they are relying upon specific personal jurisdiction so the Court limits its analysis to that species of jurisdiction.

allowing discovery, the nonmoving party need only make a prima facie showing of jurisdiction. *Guidry*, 188 F.3d at 625 (citing *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)). The court must accept as true the nonmover's allegations and resolve all factual disputes in its favor. *Id.* Any conflicts between the facts as established by the respective parties' evidence must be resolved in the plaintiff's favor. *Jones v. Petty-Ray Geoph. Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992) (citing *D.J. Invests., Inc. v. Metzeler Motor. Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)).

The decision whether to allow jurisdictional discovery rests within the sound discretion of the district court. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) (citing *Davila v. United States*, 713 F.3d 248, 263-64 (5th Cir. 2013)). The plaintiff, as the party opposing dismissal and requesting discovery, bears the burden of demonstrating the necessity of discovery. *Id.* A plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)[2] motion." *Id.* (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)).

Block has submitted a report from the Louisiana Secretary of State's website and this report indicates that Block is not a

Louisiana corporation.[3] (Rec. Doc. 17-1, Exhibit 1). Block has also submitted a declaration from its Vice President and Secretary, Mr. Scott W. Andreasen. Andreasen attests *inter alia* that Block conducts no business with clients directly, is located in Missouri, does not conduct business in Louisiana, has no employees in Louisiana. (Rec. Doc. 17-1, Exhibit 2). These assertions would undermine a claim of general personal jurisdiction, but that type of jurisdiction is not at issue in this case.

Relevant to specific jurisdiction, Andreasen attests that Block was never a party to a franchise agreement with any party to this lawsuit and was not involved in the process of reviewing, approving, and disapproving Plaintiffs as potential franchisees. *Id.* If these assertions are correct, then specific jurisdiction will most likely be lacking.

But in opposition Plaintiffs have submitted correspondence from persons who appear to be employees of some H&R Block entity. An email to Plaintiffs from what appears to be an in-house attorney indicates that her location is Missouri, where Block is located. (Rec. Doc. 21 Exhibit A). Three letters from persons affiliated with some Block entity are also in the record. (*Id.* Exhibits B, C, & D). The letterhead is equivocal at best as to

---

[3] This point is an obvious one because if Block were a Louisiana corporation then the Court would not have subject matter jurisdiction over this action.

which entity employed these persons and the letterhead contains no office address to refute the suggestion that these employees are located at Block's Missouri office.

The Court is persuaded that Plaintiffs should be given the opportunity to conduct jurisdictional discovery. It would be unfair to allow Block's self-serving assertion regarding the role of its employees to control in light of the foregoing record evidence. Block points out that Plaintiffs have not refuted the assertion made in Andreasen's affidavit, (Rec .Doc. 23-2, Block's reply at 2), but Plaintiffs cannot reasonably be expected to do so without the benefit of jurisdictional discovery.

Finally, the Court notes that the record fails to establish that Plaintiffs and the new defendant, H&R Block Tax Services, LLC, are diverse in citizenship. The Amended Complaint alleges that H&R Block Tax Services, LLC is "a Missouri limited liability company" but this statement is inadequate for purposes of determining the LLC's citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is determined by the citizenship of all of its members).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 17)** filed by defendant H&R Block, Inc. is **DENIED**;

**IT IS FURTHER ORDERED** that by **Monday, November 10, 2014**, defendant H&R Block Tax Services, LLC shall file into the record a declaration that lists all of the entity's members and their citizenship.

October 31, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE